PEOPLE *ex rel.* JOHN A. ROEBLING'S SONS CO. *v.* WEMPLE, Comptroller.

(*Supreme Court, General Term, Third Department.*   April 4, 1892.)

**1. TAXATION—EXEMPTION—MANUFACTURING CORPORATIONS.**

A foreign manufacturing company, bringing wire from their factory into this state, and here fitting it with blocks, pulleys, and other attachments to prepare it for sale, does not come within the meaning of Laws N. Y. 1880, c. 542, § 3, exempting from taxation corporations carrying on manufacturing in this state.

**2. SAME—COMPTROLLER'S DECISION—REVIEW.**

The amount of tax upon property subject to taxation, as determined by the comptroller, will not be disturbed, unless clearly shown to be erroneous.

*Certiorari,* at the relation of John A. Roebling's Sons Co., of New York, to review the proceedings of Edward Wemple, comptroller of the state of New York, in assessing taxes upon the relator, and in refusing a readjustment thereof. The writ was issued at special term, New York county, returnable to Albany county.

Argued before PUTNAM and HERRICK, JJ.

*Charles Haldane Johnson,* for relator.   *S. W. Rosendale,* Atty. Gen., for defendant.

HERRICK, J.   The relator is incorporated under the laws of the state of New Jersey for the purpose of carrying on a manufacturing business. The certificate of incorporation provides "that the borough of Chambersburgh, in the county of Mercer and state of New Jersey, is the place where the principal part of the business of the said company is to be carried on; that the city of New York, in the county and state of New York, is the place where said company may have an office and store for the sale of their manufactured goods, and for the transaction of other business connected therewith." There is no dispute but that the relator is doing business within this state, and hence subject to its laws in regard to taxation, but the relator claims that, during the years for which the taxes were levied in this case, it was doing a manufacturing business within this state, and hence comes within the exception mentioned in section 3 of chapter 542 of the Laws of 1880, which section provides that "every corporation, * * * incorporated or organized by or under the laws of any other state or country, and doing business in this state, except * * * manufacturing corporations carrying on manufacturing within this state, * * * shall be subject to and pay a tax," etc. The relator alleges that it is carrying on a manufacturing business within the state of New York. The defendant, in his return to the writ of *certiorari* herein, specifically denies that the relator is carrying on a manufacturing business within this state. The relator is incorporated for the purpose of manufacturing, buying, and selling iron, steel wire, wire ropes, and all other materials used in connection therewith; and the relator states, in the affidavit filed in its claim for exemption, "that the said corporation manufactures wire at the said factory at Trenton, N. J.; that wire is shipped in coils to the New York factory; and that at the said New York factory the said raw material is made up into ship rigging, endless elevator chains, and other useful articles; that the said wire is fitted with blocks, pulleys, and other attachments at the said New York factory, and is thus converted into useful and complete articles, ready for the market." The defendant, in his return to the writ herein, alleges that the premises in the city of New York used and occupied by the relator are not used and occupied as a factory; that they are used for its offices and place of business, and for the storage of its goods; and "that on each of the storage floors two or three men are employed by the relator in adapting the manufactured articles of the company for such purposes as may be required, such as attaching loops to wire ropes for use as switching rods, attaching hooks and loops to wire cables for various purposes; and that

no wire or wire ropes, or any other article, is manufactured at its place of business." This statement of the defendant may be taken as not in conflict with the affidavit of the relator, but as an explanation of what the relator described as the making up of the raw material, and converting it into useful and complete articles ready for the market. The process of treatment is not described by the relator, so that, from its statement alone, it cannot be determined whether it is in truth a manufacturing business that is being carried on in the state of New York or not. The relator's affiant says it is, but does not so describe it as to enable the court to determine whether he is correct or not. As explained by the defendant it does not seem to me that it is manufacturing, within the meaning of the statute. What it did in the city of New York was but an incident of its business, not the business itself. It was not manufacturing; but the putting together articles manufactured elsewhere, the cutting into lengths coils of wire, can hardly, it seems to me, be the manufacturing of wire ropes, cables, or rigging. "The definition of the terms ' manufacturing corporations ' and ' manufactures,' as derived from some decisions and statutes to which our attention has been called, is of little service in the construction of the language of this act. These terms must be construed in view of the general purposes of the acts in which they are used, and the general phraseology found in connection with them. To give effect to the legislative construction, their ordinary meaning may be enlarged or restricted." *People* v. *Horn Silver Min. Co.*, 105 N. Y. 76–82, 11 N. E. Rep. 155.

But assuming that in a sense, or technically speaking, the acts or processes described is manufacturing, still I think it is not within the spirit or intent of the statute; it is not a carrying on manufactures within this state within its meaning. "In determining whether a given case is within a clause in a statute exempting certain property or interests from taxation, the policy of the law in making the exemption must be considered, and should have great weight." *People* v. *Wemple*, (N. Y. App.) 29 N. E. Rep. 808. The terms used must be construed in view of the general purposes of the act. One of those purposes was to encourage manufactures within the state, and the facts in this case would seem to indicate that a ruling that corporations doing business in the manner the relator has been is exempt from taxation would rather discourage than encourage the growth of manufacturing interests in this state. The great proportion of relator's manufacturing is done outside the state. The proportion inside, if it be considered manufacturing, is so small that it would almost appear that it was done here merely for the purpose of relieving the business from taxation. To secure exemption under this act, some substantial portion of the manufacturing business of the corporation should be done here. It should not be a mere incident of the business, or done in connection with the main business. It is the manufacturing business that is to be exempted, not the business that any one chooses to establish in connection with manufacturing; and the manufacturing must be real, not colorable. Comparing the amount claimed to have been manufactured in the state of New York with either the total amount manufactured, or with the amount sold within the state, seems to me would bring one to the conclusion that to exempt the business done in this state because of the manufacturing done within the state would be very far from encouraging the growth of manufacturing industries here, and, unless the words of the statute can be construed in no other way, the relator should not be relieved. It would be a plain case of the letter of the statute killing its spirit. It seems to me that the manufacturing done by the defendant in this state is colorable merely, and does not come within the exemption of the statute. *People* v. *Wemple*, (Sup.) 16 N. Y. Supp. 602; *People* v. *Horn Silver Min. Co.*, 105 N. Y. 76, 11 N. E. Rep. 155. Being subject to taxation, the determination of the comptroller as to the amount, unless clearly shown to be erroneous, will not be disturbed,—*People* v. *Wemple*, (Sup.) 16 N. Y. Supp. 602; *People* v. *Wemple*,

(N. Y. App.) 29 N. E. Rep. 812,—and the determination of the comptroller, not being clearly shown to be erroneous in this case, should not be disturbed. The determination of the comptroller is affirmed, with $50 costs and printing disbursements.